# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**September 23, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

MARY F. HALL and            )
DON K. HALL,               )
                            )
      Plaintiffs/Appellees,      )   Putnam Chancery
                            )   No. 93-731
VS.                      )
                            )   Appeal No.
MARY ROSE PIPPIN and     )   01A01-9609-CH-00439
DALE DELANEY,           )
                            )
      Defendants/Appellants.    )

## ORDER GRANTING PETITION FOR REHEARING

Mary Rose Pippin and Dale Delaney have filed a petition requesting this court to reconsider its August 19, 1998 opinion in light of seven exhibits that were not transmitted to this court with the rest of the record on appeal. At our request, Mary F. Hall and Don K. Hall have filed a response to the petition for rehearing. The clerk and master has also transmitted a supplemental record containing the seven missing exhibits and an affidavit concerning the reasons why these exhibits were not included with the original appellate record.

Before turning to the substance of the petition for rehearing, we will consider why the seven missing exhibits were not transmitted to this court when the appellate record was originally filed. The clerk and master states that, after a discussion with the clerk of the appellate courts, she elected not to transmit these exhibits because they were too bulky. While Tenn. R. App. P. 25(b) states that "[d]ocuments of unusual bulk or weight, and physical exhibits, other than documents, shall not be transmitted" with the appellate record, the seven exhibits at issue in this case were not bulky. When folded, they can easily fit into several manila envelopes which could have been included with the original appellate record. Thus, we find that both the

clerk and master and the clerk of the appellate court erred when they determined that these particular exhibits were too bulky to be transmitted with the appellate record.

Notwithstanding this error, the clerk and master properly notified the parties that she was not transmitting these seven exhibits with the original appellate record. She personally notified the lawyer representing Ms. Pippin and Mr. Delaney that she was holding these exhibits in her office and that he would be responsible for delivering these exhibits to the appellate court on the day of argument. The lawyer did not request these exhibits until ten days after this court entered its August 19, 1998 opinion. Thus, the clerk and master's error was compounded by the lawyer representing Ms. Pippin and Mr. Delaney. Their failure to cause the exhibits to be delivered to this court or to rely on them in their brief and argument left both this court and their adversaries with the understandable impression that they were not relying on these exhibits on appeal.

Under these facts, we are reluctant to conclude that Ms. Pippin and Mr. Delaney have waived their opportunity to rely on these seven exhibits by their lawyer's failure to take the steps reasonably necessary to make sure that these exhibits were before the court when this case was originally submitted. Therefore, we direct the clerk of the appellate court to file the supplemental record containing the seven exhibits, and we will reconsider our August 18, 1998 opinion in light of these exhibits.

Ms. Pippin and Mr. Delaney assert that the absence of the seven missing exhibits caused the court to make thirteen material factual errors in its August 19, 1998 opinion. We take up each of these asserted errors.

1.  **The location of the Boma-Baxter Road**. Ms. Pippin and Mr. Delaney assert that this court concurred with the trial court's erroneous finding concerning the location of the Boma-Baxter Road because it did not consider the seven missing exhibits. The issue of the location of the Boma-Baxter Road is not before the court because Ms. Pippin and Mr.

Delaney explicitly abandoned this issue.[1] Thus, the late-filed exhibits have no bearing on this question.

2. **The Herrons' January 1973 Purchase**. Ms. Pippin and Mr. Delaney take issue with the court's statement that Floyd and Belle Herron purchased "the 3.48-acre tract" in January 1973. The exhibits originally included with the appellate record indicate that in January 1973, the Herrons purchased a 12 to 15-acre tract, north of the 55-acre tract, that included the 3.48-acre tract they later conveyed to the Selmeks in 1979. The size of the tract purchased by the Herrons in January 1973 is not relevant to the issues presented on this appeal.

3. **The Herrons' Intention to Build Homes**. Ms. Pippin and Mr. Delaney also assert that this court was incorrect when it stated that Mr. Herron acquired the property with the intention to build homes. While this point is also irrelevant to the ultimate issues in the case, Ms. Pippin and Mr. Delaney refer in their original brief to the portions of Mr. Herron's testimony in which he stated that he extended Friendly Drive "southward through his property in order to build new houses in the '70s."

4. **The Location of Carmel Allison's House**. Ms. Pippin and Mr. Delaney take issue with the court's statement that Carmel Allison's house was on the 3.48-acre tract acquired by the Herrons in 1973. Mr. Allison's house was on the 12 to 15-acre tract acquired by the Herrons in 1973 but was not on the 3.48-acre tract the Herrons later conveyed to the Selmeks. This error does not affect the outcome of this appeal because the significance of the location of Mr. Allison's house relates to his construction of Friendly Road to provide him access to Old Baxter Road and to the old Boma-Baxter Road. Exhibit 8 reinforces this court's original conclusion that Friendly Road passed by Mr. Allison's house and provided access to Old Baxter Road and to the old Boma-Baxter Road.

5. **Dead end of Friendly Road**. Ms. Pippin and Mr. Delaney assert that Exhibit 10 demonstrates that this court was incorrect when it stated that Friendly Road intersected with the old Boma-Baxter Road. Exhibit 10 is a 1942 survey plat that must have been prepared before Mr. Allison constructed Friendly Road to gain access to Old Baxter Road and to the old Boma-Baxter Road. Exhibit 20 clearly shows that Friendly Road intersects with both the Old Baxter Road and the old Boma-Baxter Road. Thus, the late-filed exhibits have no bearing on this matter.

---

[1] In their original brief, Ms. Pippin and Mr. Delaney state: "The Defendants do not believe or concede that the Chancellor was correct in his finding that the new road, Friendly Drive, is where the old Boma Baxter Road used to be, but in light of the standards of appellate review applicable here, the Defendant-Appellants have chosen not to pursue that argument."

6.     **Use of the old Boma-Baxter Road**.     Ms. Pippin and Mr. Delaney take issue with the court's finding that the old Boma-Baxter Road "had been little used over the preceding decades" and assert that it had not been used at all since 1949. This is simply reargument of a disputed fact issue. Olive Jared, Iva Lowe, Emil Emerton, and James Stafford testified about the use of the old Boma-Baxter Road since 1949.

7.     **Location of Friendly Drive**.     Ms. Pippin and Mr. Delaney differ with the court's conclusion that "[t]he improved portion of the old Boma-Baxter Road came to be known as Friendly Drive." This argument relates to the issue concerning whether Friendly Drive runs where the old Boma-Baxter Road used to run. Ms. Pippin and Mr. Delaney specifically waived this issue in their original brief. The late-filed exhibits shed no new light on this question, and the court's conclusion about the location of Friendly Drive is amply supported by the record.

8.     **The Development of the Bean property**. Ms. Pippin and Mr. Delaney assert that the court mischaracterized the Bean property as "undeveloped farm property" in light of the evidence of the existence of a barn on the northern portion of the property. The state of the property's "development" in 1980 is only marginally relevant to the issues in this case, and the late-filed exhibits shed no new light on this question. This court pointed out the existence of the barn in its August 19, 1998 opinion  and now concludes that a 55-acre tract of farm property is not "developed" simply because of the erection of a barn.

9.     **Access to the barn**.     Ms. Pippin and Mr. Delaney insist that the record does not support this court's conclusion that Mr. Bean used "a relatively short dirt roadway extending south from the end of the improved portion of Friendly Drive to drive his tractor to . . . [the] barn." The late-filed exhibits shed no new light on this matter. This was a contested issue at trial, and Ms. Pippin's and Mr. Delaney's original brief cites to the portion of the evidence establishing that the barn "was accessible from a dirt road, about one hundred feet in length, which had been used by Mr. Bean to get his tractor to the barn." Ms. Pippin and Mr. Delaney cannot take a position in their petition for rehearing that differs from the position they took in their original brief.

10.     **Access to the property from Friendly Drive**.     Ms. Pippin and Mr. Delaney insist that the court erred by concluding that there were two accesses to the 55-acre tract in 1985. They insist that there is no evidence of an access to the property from Friendly Drive. The late-filed exhibits shed little new light on this disputed fact question. John Bond (Bohn) testified on cross-examination during the January 10, 1994 hearing that the roadway from Friendly Drive was "graveled down" and that the Halls used the roadway to get to their barn. Thus, the evidence does not preponderate against this court's finding concerning access to the 55-acre tract from Friendly Drive.

11. **Abandonment of the old Boma-Baxter Road**. Ms. Pippin and Mr. Delaney assert that this court's conclusion that the old Boma-Baxter Road "had not been abandoned even though it had fallen into desuetude as a public road" conflicts with the trial court's conclusion that the road had been abandoned. The late-filed exhibits are of little help on this issue. Ms. Pippin's and Mr. Delaney's assertion misapprehends the trial court's conclusion. The trial court found only that the old Boma-Baxter Road has been abandoned "as a public road," not that it had been abandoned by area landowners. This is precisely our conclusion.

12. **Access of the Jared Property**. Ms. Pippin and Mr. Delaney assert that late-filed Exhibit 26 shows that Friendly Drive and the old Boma-Baxter Road is not Ms. Jared's only means of access to her property. While Exhibit 26 shows that Ms. Jared has other access to her property south of the interstate right-of-way, it does not indicate any other access to her property north of the interstate right-of-way. The relevant issue in this case is the access to Ms. Jared's property north of the interstate right-of-way; therefore, Exhibit 26 is of little value on this question.

13. **The Use of the old Boma-Baxter Road**. This final factual argument is basically a renewal of Ms. Pippin's and Mr. Delaney's sixth argument regarding the use of the old Boma-Baxter Road since 1949. The late-filed exhibits shed little additional light on this disputed factual issue. We have already pointed to three witnesses other than Mr. Emerton who testified that persons other than Mr. Herron used the old Boma-Baxter Road after 1949. The purpose of petitions for rehearing is not to reargue disputed factual issues.

Ms. Pippin and Mr. Delaney cannot at this late stage depart from the statements and concessions contained in their original brief. We have carefully examined the seven late-filed exhibits and have determined that they do not require an outcome different from the outcome of our August 19, 1998 opinion. The factual issues Ms. Pippin and Mr. Delaney seek to raise at this time are either not relevant or not material to the issues presented on this appeal. Thus, we again affirm the decision of the trial court that the abutting landowners had not abandoned their use of the old Boma-Baxter Road even though it had ceased to be a publicly maintained road.

It is, therefore, ordered that our August 19, 1998 opinion be withdrawn and that the revised opinion issued contemporaneously with this order be filed in its place.

It is further ordered that the clerk and master not forfeit her costs for transmitting the appellate record in light of the erroneous advice received from the clerk of the appellate courts and the oversight of Ms. Pippin's and Mr. Delaney's counsel.

It is further ordered that the costs associated with the filing and disposition of the petition for rehearing be and are hereby taxed, jointly and severally, to Mary Rose Pippin and Dale Delaney and their surety for which execution, if necessary, may issue.

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE